IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDDIE R. COLEMAN, #618875 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv135 |
| DAVID SWEETIN, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Freddie R. Coleman, a prisoner confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

On May 12, 2011, the Court issued an Order of Partial Dismissal (docket entry #23) permitting the Plaintiff to proceed with his claims against Defendant McManus. The Plaintiff's claims against all of the other Defendants were dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Defendant McManus was ordered to answer or otherwise plead to the Plaintiff's claim that she was deliberately indifferent to his serious medical needs. The order was sent to the Office of the Texas Attorney General (OAG).

On May 31, 2011, the OAG notified the Court that it had been unable to contact McManus and did not have authority to represent her. McManus' last known address was provided under seal. Summons was issued using the last known address. On September 29, 2011, the summons was returned unexecuted by the United States Marshals Service.

On October 5, 2011, the Plaintiff was ordered to submit the current address for McManus. He was given twenty days from the receipt of the order to comply with it. He was informed that the claims against McManus would possibly be dismissed if he failed to comply with the order. The Court received an acknowledgment from the Plaintiff indicating that he received the order on October 12, 2011. The Plaintiff was obligated to provide the current address for McManus by November 1, 2011. He has not, however, provided her current address.

On October 24, 2011, the Court granted the Plaintiff an extension of time to provide McManus' current address. The deadline for the Plaintiff to supply the address was extended to November 22, 2011. He was warned that no other extensions of time would be granted and the case would be dismissed if he failed to comply with the order. The Court received an acknowledgment from him indicating that he received the order on October 31, 2011. As of today, however, he has not provided McManus' current address or otherwise been in contact with the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has not to complied with the Court's order in order to proceed with the case. The Plaintiff's failure to comply with his duty to provide the Court with a current and accurate address for Defendant McManus makes it impossible for the case to proceed and disrupts the orderly progression of the case. Ordinarily a dismissal with prejudice would be inappropriate. The Plaintiff complained about an incident that occurred on June 23, 2009. A dismissal without prejudice would be a *de facto* dismissal with prejudice because of the statute of limitations. A fine would not be appropriate as a sanction since the Plaintiff is proceeding *in forma pauperis*. Apparently he does not have the money to pay any fines imposed. A dismissal without prejudice is the best option available at this time. The statute of limitations should be suspended for thirty days after the entry of this order in the event that the Plaintiff obtains the correct address for McManus and decides to file a new lawsuit against her. It is therefore

**ORDERED** that the Plaintiff's claim against Defendant Cheryl McManus is **DISMISSED** without prejudice for want of prosecution and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas. It is further

**ORDERED** that the statute of limitations for the Plaintiff's claim against Defendant McManus is suspended for thirty days from the entry of this order. It is further

**ORDERED** that the complaint is **DISMISSED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **November, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE