IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDDIE R. COLEMAN | § | |
| VS. | § | CIVIL ACTION NO.   9:10-CV-135 |
| DEBBIE ERWIN, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Freddie R. Coleman, a former prisoner, proceeding *pro se* and *in forma pauperis*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983.

On May 6, 2011, pursuant to the written consent of all parties, this case was referred to a magistrate judge for all further proceedings and entry of judgment.  The case was reassigned to the undersigned magistrate judge on April 16, 2014.

### Procedural History

Plaintiff filed this case while he was a prisoner at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division.  The defendants answered the complaint, and the case was proceeding toward a trial.

On January 20, 2015, the defendants moved to dismiss the action for want of prosecution. The defendants note that the plaintiff has made no effort to prosecute this case since 2012.  Plaintiff was released from prison, but he did not provide the court with his new address.  The defendants had notice that his most recent mailing address was the "Patriot House" in Fort Worth, Texas.  On January 5, 2015, legal mail sent to the plaintiff at that address was returned to the defendants with a notation that it was undeliverable.

Analysis

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

Plaintiff has shown no interest in prosecuting this case since 2012. By failing to update his address, plaintiff has neglected to prosecute this case diligently. Accordingly, this action should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

The statute of limitations has expired. Therefore, the dismissal would be with prejudice to plaintiff's ability to refile the case. Dismissal with prejudice for failing to prosecute or to obey an order of the court is an extreme sanction that should be employed only when the plaintiff's conduct threatens the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefit. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

The court has considered imposing lesser sanctions and found them inadequate to address the current situation. Because plaintiff is proceeding *in forma pauperis*, the imposition of monetary sanctions is almost certainly futile. Further, this case would remain suspended in limbo, unable to proceed, so long as plaintiff fails to provide the court and the defendants with his current address.

Therefore, a dismissal with prejudice is the only appropriate sanction available in this instance. It is accordingly

ORDERED that defendants' motion to dismiss for want of prosecution (document no. 88 is GRANTED. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

SIGNED this 2nd day of February, 2015.

_____
Zack Hawthorn
United States Magistrate Judge